# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| VALERIE RICHARDSON, Individually and as surviving spouse of HENRY RICHARDSON, deceased, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| LIVINGSTON M. DICKERSON, JR., COMMERCE CHRYSLER DODGE JEEP, INC., JOHN DOE and JOHN DOE CORPORATION, | : | |
| Defendant. | : | NO. CV204-166 |

### O R D E R

Plaintiff, Valerie Richardson, individually and as surviving spouse of Henry Richardson, deceased, filed this action against Defendants, Livingston M. Dickerson, Jr., Commerce Chrysler Dodge Jeep, Inc. ("Commerce Chrysler"), John Doe and John Doe Corporation, seeking to recover damages as a result of the alleged wrongful death of Henry Richardson in a

AO 72A
(Rev. 8/82)

motor vehicle accident. Presently before the Court is Commerce Chrysler's motion seeking summary judgment. For the following reasons, Defendant's motion will be **DENIED**.

**FACTS**

On August 17, 2004, Dickerson drove a Jeep Liberty across the centerline of Highway 196 in Long County, Georgia, and collided with a vehicle operated by decedent, Henry Richardson's, brother.[1] Richardson, riding as a passenger in the vehicle operated by his brother, sustained severe injuries and was pronounced dead at the scene.

At the time of the accident, Dickerson was operating a vehicle owned by Commerce Chrysler. On August 16, 2004, Dickerson was hired to pick up a new Jeep Liberty at the dealership in Commerce, Georgia, and drive it to a dealership under the same ownership in Hinesville, Georgia. In Hinesville, Dickerson was to pick up a Dodge Voyager mini-van and drive it back to the dealership in Commerce. The accident

---

[1] For the purpose of the instant summary judgment motion, Commerce Chrysler does not dispute that the motor vehicle accident on August 17, 2004, was caused by the negligence of Dickerson.

occurred at 2:30 a.m. while Dickerson was en route to Hinesville.

## DISCUSSION

### Summary Judgment Standard

Commerce Chrysler is entitled to summary judgment on its motion if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the initial burden is on the movant, who must make a case for the absence from the record of any material issue of fact. Cohen v. United Am. Bank of Cent. Fla., 83 F.3d 1347, 1349 (11th Cir. 1996). Once the movant has met this burden, the burden shifts to the non-movant, who must contradict the movant's showing by demonstrating that the evidence in the record before the Court would be sufficient to support a jury verdict in the non-movant's favor, assuming that all inferences are drawn, and any doubt regarding the credibility of evidence is resolved, in the non-movant's favor.

3

Id.; Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996).

### Independent Contractor

Commerce Chrysler argues that Dickerson is an independent contractor and, therefore, absent evidence demonstrating negligent entrustment, it is entitled to summary judgment as a matter of law. "An employer generally is not responsible for torts committed by [its] employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer." O.C.G.A. § 51-2-4. It is well-established under Georgia law that:

> The chief test to be applied in determining whether a person is employed as a servant or as an independent contractor has long been and continues to be whether the contract gives, or the employer assumes, the right to control the time, manner, and method of the performance of the work, as distinguished from the right merely to require certain definite results in conformity with the contract. [Cits.] ... With regard to the 'independent business' requirement set forth in the code section, the test is essentially whether the contractor has a bon[a] fide existence apart from the employer or functions instead as the employer's alter ego.

Slater v. Canal Wood Corp. of Augusta, 178 Ga. App. 877, 878, 345 S.E.2d 71, 72 (1986) (quoting Bowman v. C.L. McCord, etc., Inc., 174 Ga. App. 914, 915, 331 S.E.2d 882 (1985));

AO 72A
(Rev. 8/82)

Enviromediation Srvcs., L.L.C. v. Boatwright, 256 Ga. App. 200, 203, 568 S.E.2d 117, 119 (2002); see also Lagoueyte v. Rocket Exp., 196 Ga. App. 143, 143, 395 S.E.2d 389, 390 (1990) (citing Spell v. Port City Adhesives, 183 Ga. App. 816, 817, 360 S.E.2d 63 (1987)).

> Where one is employed generally to perform certain services for another, and there is no specific contract [either oral or written] to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor. The test is not whether the employer did in fact control and direct the employee in the work, but it is whether the employer had that right under the employment contract.

Hall v. Buck, 206 Ga. App. 754, 759, 426 S.E.2d 586, 591 (1992) (quoting Atlanta Braves v. Leslie, 190 Ga. App. 49, 378 S.E.2d 133 (1989)). The issue of whether an employee is an independent contractor is generally a question of fact to be decided by a jury. Slater, 178 Ga. App. at 878, 345 S.E.2d at 72. Commerce Chrysler argues that it maintained no control over the time, manner, or method of executing the work performed by Dickerson and, as such, it cannot be held liable under the theory of respondeat superior.

In opposition to Commerce Chrysler's summary judgment motion, Plaintiff submitted evidence demonstrating that

Commerce Chrysler retained significant control over the time, method, and manner of Dickerson's work. In addition to owning the vehicle that Dickerson was driving at the time of the accident, Commerce Chrysler did not require Dickerson to maintain separate insurance. Commerce Chrysler controlled the hours of Dickerson's work by paying him on an hourly basis, requiring him to return to Commerce with the vehicle he was to pick up in Hinesville by the close of business on August 17, 2004, and retaining the right to dictate the particular time Dickerson was to depart for and arrive in Hinesville. Furthermore, Commerce Chrysler required Dickerson to perform the work personally, to physically drive its automobile, and to travel via a particular route. Finally, Commerce Chrysler did not review Dickerson's driver's license or require him to qualify as a common carrier as required by Georgia law. Thus, questions of fact as to the extent of control Commerce Chrysler retained over Dickerson and whether Dickerson had a 'bonafide existence' apart from Commerce Chrysler at the time of the collision preclude summary judgment.

AO 72A
(Rev. 8/82)

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Commerce Chrysler's motion seeking summary judgment (Doc. No. 46) is **DENIED**.

**SO ORDERED**, this _28th_ day of November, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)